IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                ORDER

    Plaintiff,

                04-cr-105-wmc[1]

  v.

BILLY J. McFERRIN, JR.,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Defendant Billy J. McFerrin, Jr. has filed a motion to reduce or reconsider his sentence, which he contends was entered without consideration of the safety valve adjustment.

  A motion for modification filed in the sentencing court must be brought under 28 U.S.C. § 2255. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)(citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)). And normally this court would (1) notify defendant that his motion was re-characterized as a § 2255 motion, *Castro v. United States*, 540 U.S. 375, 382 (2004); and (2) offer him the opportunity to advise the court whether he wishes to proceed with his motion under § 2255. In this case, however, the defendant already filed his § 2255 motion on February 9, 2006, and that motion was denied on May 25, 2006.

  Defendant cannot file a successive petition without first obtaining permission to do so from the appropriate federal court of appeals. 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition

---

[1] Because Judge Shabaz has taken senior status, Judge Conley has been assigned this case pursuant to Administrative Order dated May 7, 2010.

1

without awaiting any response from the government unless the court of appeals has given approval for the filing."). Defendant does not allege that he has sought or obtained such permission. Accordingly, this court is required to dismiss the current motion for lack of jurisdiction.

Defendant may still seek permission to file a successive 28 U.S.C. § 2255 motion from the court of appeals.

A request may prove futile. Defendant correctly asserts that he was sentenced without consideration of the safety valve adjustment. The United States Sentencing Guidelines permit the court to sentence below the statutory minimum sentence in certain circumstances, such as where a defendant has not used violence, been a manager or organizer of the criminal activity or had more than one criminal history point USSG 5c1.2. In McFerrin's case, however, this provision does not appear to apply because he was subject to an upward departure under USSG § 5K2.21 for dismissed and uncharged conduct.

ORDER

IT IS ORDERED that defendant Billy McFerrin's motion for reduction of sentence is construed as a motion brought pursuant to 28 U.S.C. § 2255 and dismissed because it constitutes a successive collateral attack under that statute and this court lacks the authority to entertain it.

Entered this 7th day of May, 2010.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

2